# 13 CV 7982

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
INEZ LORENZANA,

                        Plaintiff.

        -against-

THE CITY OF NEW YORK and POLICE
OFFICER ANIS NIKOCEVIC, and
 POLICE OFFICERS JOHN DOES,
Individually and in their Official Capacities,

                        Defendants.
------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

*JUDGE FORREST*

RECEIVED
NOV 0 8 2013
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, INEZ LORENZANA, by and through her attorneys, **Fisher, Byrialsen &**

**Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which the plaintiff, Inez Lorenzana, seeks relief for

defendants' violations, under color of state law, of her rights, privileges and immunities secured

by the 42 U.S.C. § 1983; the Fourth, Fifth and Fourteenth Amendments to the United States

Constitution; and the Constitution and laws of the State of New York.

2. Defendants, the City of New York and New York City Police Officers Anis Nikocevic

(Shield # 3281) and John Does; individually and, as the case may be, in their official capacities,

jointly and severally, did cause plaintiff Inez Lorenzana to be subject to, *inter alia*, an

unreasonable search, excessive and unreasonable force, false arrest and imprisonment, and

malicious prosecution, causing her loss of liberty and physical and mental injury.

1

3. Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## NOTICE OF CLAIM

8.  Plaintiff filed a Notice of Claim with the City of New York on or about September 21, 2012, within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

9.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

10.  At all times relevant hereto Plaintiff was and is a resident of New York, New York.

11.  At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

12.  At all times relevant to this action, Defendants Police Officer Anis Nikocevic and Police Officers John Does, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacities.

13.  At all times relevant hereto and in all their actions described herein, the Defendants Officer Anis Nikocevic and Officers John Does were acting under color of statutes, ordinances,

3

regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

14.   NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.  They are being sued both in their individual and official capacities.

## FACTS

15.   On August 11, 2012 at about 5:30 p.m., Plaintiff Inez Lorenzana was outside of her apartment building where she resides at 65 W. 104th Street in New York, New York.

16.   At the time of and prior to her arrest Plaintiff had not engaged in any illegal or suspicious activities.

17. At approximately 5:30 p.m. she observed and overheard a police officer approach her elderly neighbor and ask him for his identification.

18. After Ms. Lorenzana's neighbor advised the officer that he did not have his identification on him, Ms. Lorenzana advised the officer that she and her neighbor were residents of the building and that he could go upstairs to retrieve his identification.

19. The officer told Ms. Lorenzana to "shut the fuck up," and he proceeded to bring Ms. Lorenzana's elderly neighbor over to the police vehicle and searched him.

20.   In an effort to assist her neighbor, Ms. Lorenzana offered that she could go up to his apartment to retrieve his identification.

4

21. The officer retorted that Ms. Lorezana should "mind her own fucking business" and "shut the fuck up."

22. The officer then forcefully grabbed Ms. Lorenzana by the arm, shoved her arm behind her back, and slammed her into the police car.

23. The officer proceeded to pin her against the car and exclaimed "I am going to fuckin' arrest you. You should have minded your own business."

24. The officer proceeded to shove Ms. Lorenzana into the police vehicle and began violently punching her about her body while he continued to curse at her and insult her.

25. While the police officer was assaulting Ms. Lorenzana many other officers were present and failed to intervene.

26. Many other civilians were present who observed the officer assault Ms. Lorenzana, and one of those civilians videotaped the incident on his cell phone.

27. The officer handcuffed Ms. Lorenzana and transported her to the 24th precinct.

28. Ms. Lorenzana was initially placed in a cell at the precinct.

29. Then Ms. Lorenzana was transported by ambulance to St. Luke's Hospital for medical treatment for her injuries she sustained from the assault by the police officer.

30. Ms. Lorenzana reported to the staff at St. Luke's Hospital that she had pain about her body and severe pain to her left hand and pinkie.

31. After the doctor examined her wrist and took x-rays, he confirmed that Ms. Lorenzana had suffered a sprain to her wrist and wrapped her wrist in an ace bandage.

32. Ms. Lorenzana was advised to wear the ace bandage for the next seven days.

33. Ms. Lorenzana returned to the precinct, where she was detained until approximately 4:00 a.m.

34. After being wrongfully detained for approximately 24 hours, Ms. Lorenzana appeared before a judge the night of August 12, 2012 at about 6:00 p.m. and was charged with two counts of Disorderly Conduct in violation of P. L. § 240.20, Resisting Arrest in violation of P. L. § 205.30, Obstructing Governmental Administration in violation of P.L. § 195.05, and Harassment in violation of P.L.§ 240.26.

35. Ms. Lorenzana subsequently returned to court approximately five times for required court appearances in this case.

36. At Ms. Lorenzana's final court appearance she consented to an adjournment in contemplation of dismissal and the charges against her were subsequently dismissed and sealed.

37. As a result of this arrest, Ms. Lorenzana suffered various physical injuries, including a sprained wrist, abrasions and bruises about her body and substantial pain. She also suffered from cuts and abrasions on her wrists from the handcuffs.

38. Ms. Lorenzana also lost time from work as a result of this incident and suffered financial losses.

39. On September 21, 2012, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff was served upon NYC.

40. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

41. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS
### (General Allegations, Fourth, Fifth and Fourteenth Amendments)

42. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

44. All of the aforementioned acts deprived PLAINTIFF of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not limited to:

a. the right to be free from unreasonable searches of her person,

b. the right to be free from unreasonable seizure of her person, including excessive force,

c. the right to be free from arrest without probable cause,

d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was aware and to which she did not consent.

e. the right to be free from the lodging of false charges against her by police officers,

f. the right to be free from abuse of process,

g. the right to be free from deprivation of liberty without due process of law, and

h. the right to equal protection, privileges and immunities under the laws.

45. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

7

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

49. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST

50. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

52. As a result of her false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of her liberty.

53. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. As a result of her false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of her liberty.

56. All of the aforementioned acts of the Defendants constituted false imprisonment under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

## FOURTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

58. Defendants engaged in extreme and outrageous conduct beyond all possible bounds of decency when they arrested and imprisoned Plaintiff.

9

59. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff when they arrested and imprisoned her.

60. Defendants outrageous conduct did inflict severe distress upon Plaintiff, which caused Plaintiff to suffer anxiety and mental anguish.

61. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

62. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

63. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

64. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

65. As a result of the excessive force and brutality, Plaintiff sustained multiple injuries to her wrists and body and endured serious emotional and psychological distress.

66. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

## SIXTH CLAIM FOR RELIEF:
## ASSAULT AND BATTERY

67.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

68.  By the aforementioned actions, the Defendants did inflict assault and battery upon Plaintiff. The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.  As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific bodily injury, pain and suffering, great humiliation, mental anguish, costs, and expenses and were otherwise damaged and injured. Pursuant to 28 U.S.C. §1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

70. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

11

72. Prior to August 11, 2012, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff's rights.

73. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

74. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

75. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

76. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

78. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by

12

supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

80. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

81. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

82. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

a. Not to be deprived of liberty without due process of law;

b. To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

c. To be protected against violations of his civil and constitutional rights;

d. Not to have cruel and unusual punishment imposed upon him; and

e. To receive equal protection under the law.

13

## EIGHTH CLAIM FOR RELIEF:
## FAILURE TO INTERVENE
## UNDER FOURTH AMENDMENT – 42 U.S.C. § 1983

83. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

84. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

85. The defendant officers were present on August 11, 2012 at 65 W. 104 Street in New York, NY and in the vicinity of plaintiff's arrest and witnessed other officers, *inter alia*,

a. Search plaintiff without cause

b. Falsely arrest plaintiff, and

c. Use unlawful force against plaintiff, including pushing plaintiff into a police car and punching her.

86. The search of plaintiff's person was clearly made without probable cause, reasonable suspicion, or any other legal justification, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from the illegal search.

87. Defendants' violated plaintiff's constitutional rights by failing to intervene in the illegal search of plaintiff, her false arrest or Defendant Nikocevic's clearly unconstitutional use of force that resulted in injury and damages.

14

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:      New York, New York
            November 8, 2013

Respectfully submitted,

Alissa Boshnack, Esq. (AB0977)
FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(212) 962-0848

15